KNOTT v. BURLESON et al.

Where profert is made of a release which had been pleaded, it becomes a part of the plea.

The construction of a release is a question of law to be determined by the court.

Where legal terms are employed in a release, it must be presumed, that the parties fully understood the legal import of the words, and the court will give effect to that understanding.

*Error to Clinton District Court.*

*Opinion by* GREENE, J.   Trespass *vi et armis* by the plaintiff against the defendants in error.   The declaration contains two counts: the one for an asportation of horses and harness and the other for an assault and battery.   The defendants pleaded the general issue, and gave notice that they would give in evidence a release of the cause of action to one of the joint trespassers.   *Oyer* of the release was craved, and it appears of record in the following language:

"For value received, I hereby release L. T. Hubbard from all liability to me for damages in consequence of the said L. T. Hubbard being a principal or accessory in a certain riot, and false imprisonment, for which prosecutions are now pending against Shadrock Burleson and others in the district court of Clinton county.   Witness my hand and seal, May 18th, 1848.

JOHN M. KNOTT. [Seal.]"

Thereupon the plaintiff demurred to the plea and release, but the demurrer was overruled.

The only question now to be determined is, did the court below err in deciding the plea of release good.   The release comes before us as the only evidence in support of the plea.   By making profert of the release, it became a part of the plea, and the only ground upon which it could be maintained.   In order then to determine the sufficiency of the plea, it is only necessary to examine the found-

ation upon which it assumes to rest, and from which it derives its character. In deciding this case therefore, we are brought at once to the legal construction of the release, and this is clearly a question of law, which the court may determine without the intervention of a jury.

The parties to the release in this case, employed legal terms in reference to proceedings at law, and it must be presumed, that they fully understood the legal import of the words used, and such should consequently be the construction placed upon them by the court. The language used is unequivocal, it admits of but one interpretation. It extends only to "a certain riot and false imprisonment" then pending against Burleson and others in the district court. It would pervert not only the technical, but the ordinary and plain signification of the release, to apply it to any other action than that of riot or false imprisonment. There is no latitude even implied in the instrument, which can justify its extension to any other cause. It has no reference to the action of trespass set forth by the declaration in the present case. Had the release been intended for the proceedings at bar, the reference could have been readily made by taking from the declaration or writ at least the name of the suit. There being no such reference, no connection or agreement between the release and the declaration, we must conclude that the parties intended it as a discharge from some other suit, more clearly adapted to the expressed object of the release.

We conclude then, that the court below erred in overruling the demurrer.

                                        Judgment reversed.

*L. Clark*, for plaintiff in error.

*Platt Smith*, for defendant.