WEAVER CONSTRUCTION
COMPANY, Appellee,

v.

George HEITLAND, d/b/a Heitland
Construction Company, Appellant.

No. 83–803.

Supreme Court of Iowa.

May 16, 1984.

Lee B. Blum, Hampton, for appellant.

James P. Walters, of High & Walters, Iowa Falls, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

WOLLE, Justice.

Defendant's appeal raises two questions requiring us to interpret the Iowa statute governing offers to confess judgment. Defendant availed itself of one of the four methods which Iowa Code chapter 677 (1983) provides for shifting "costs" of an action to a plaintiff who rejects a defendant's formal offer to confess judgment. *See generally Sheer Construction, Inc. v. W. Hodgman and Sons, Inc.*, 326 N.W.2d 328, 333 (Iowa 1982) (describing elements

of the four methods of offering to confess judgment under chapter 677). When the plaintiff obtained a judgment in a lesser amount than defendant had offered prior to trial, defendant requested that the trial court assess against plaintiff (1) all court costs, not just those incurred from the time of the offer, and (2) reasonable attorney fees as part of the court costs. The trial court, however, refused defendant's requests and assessed against plaintiff only the costs incurred after the time of defendant's formal offer. We affirm.

Defendant made its offer to confess in accordance with Iowa Code sections 677.7 through 677.10, inclusive, which provide:

677.7. Offer to confess after action brought. The defendant in an action for the recovery of money only may, at any time after service of notice and before the trial, serve upon the plaintiff or his attorney an offer in writing to allow judgment to be taken against him for a specified sum with costs.

677.8. Acceptance—judgment. If the plaintiff accepts the offer, and gives notice thereof to the defendant or his attorney within five days after the offer is made, the offer, and an affidavit that the notice of acceptance was delivered in the time limited, may be filed by the plaintiff, or the defendant may file the acceptance with a copy of the offer, verified by affidavit; and in either case a minute of the offer and acceptance shall be entered upon the judge's calendar, and judgment shall be rendered by the court accordingly.

677.9. Effect of nonaccepted offer. If the notice of acceptance is not given in the period limited, the offer shall be treated as withdrawn, and shall not be given in evidence or mentioned on the trial.

677.10. Costs. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he cannot recover costs, but shall pay the defendant's costs from the time of the offer.

Before trial of plaintiff's breach of contract action, defendant offered to confess judgment for $17,500, in accordance with section 677.7. Plaintiff elected not to accept the offer, so section 677.8 pertaining to entry of judgment upon acceptance did not become operative. The offer was treated as withdrawn and was not mentioned during the subsequent jury trial, in accordance with section 677.9. Trial to the jury, however, resulted in a verdict and judgment for plaintiff of only $12,902.89. Because plaintiff's judgment did not exceed the defendant's offer, section 677.10 became controlling on the issue of what costs each party could recover. It provided that under these circumstances the plaintiff "cannot recover costs, but shall pay the defendant's costs from the time of the offer." Could plaintiff nevertheless recover "costs" incurred prior to the offer? Do "costs" include defendant's attorney fees?

## I. Costs Incurred Before Offer Filed.

The total of $997.07 in court costs was taxed against the parties. The court determined that section 677.10 required plaintiff to pay only the costs incurred after the offer to confess judgment was made—$827.47. The costs incurred prior to that time—$169.60—were taxed to defendant.

■ Defendant contends that the court should instead have charged plaintiff with all of the taxable costs of the action, arguing that section 677.10 specifically provides in part that when a plaintiff's recovery does not exceed the offer, "he cannot recover costs." We agree with the trial court's interpretation of section 677.10 and not with defendant's interpretation. Defendant's reading of the section would give effect only to the four words it singles out. We believe a more sensible reading, which gives effect to all words and phrases in the section, is that the plaintiff who recovers less than defendant's offer cannot recover all costs ordinarily recoverable by a prevailing party, but must pay those costs that are incurred after the time of the offer. This reading is also consistent with this court's interpretation of the same statutory

language in *Keeney v. Iowa Power & Light Co.*:

> [T]he rule seems to be that even though a plaintiff fails to recover more than the amount of a defendant's offer to confess he is entitled to costs up to the time of the offer, but must pay defendant's costs thereafter accruing. 20 C.J.S. Costs § 82b, p. 339; *Manning v. Irish*, 47 Iowa 650, 652; *DeLong v. Wilson*, 80 Iowa 216, 45 N.W.2d 764.

250 Iowa 887, 891, 96 N.W.2d 918, 921 (1959) (dictum).

■ The trial court properly allowed plaintiff to recover the costs incurred before defendant made its offer to confess.

## II. Do "Costs" Include Attorney Fees?

The trial court found that defendant's attorney fees of $4,700 and out-of-pocket expenses of $46.20, incurred after plaintiff rejected its offer to confess judgment, were reasonable in amount. The trial court refused, however, to assess those amounts against plaintiff as "costs". Its well-reasoned opinion concluded:

> "The right to recover attorney fees as part of the costs does not exist at common law. They cannot be so allowed in the absence of a statute or agreement expressly authorizing it. In order that they may be so taxed the case must come clearly within the terms of the statute or agreement. Indeed the court does not have inherent power to tax costs even to the losing party." *Thorn v. Kelley*, 257 Iowa 719, 726, 134 N.W.2d 545, 548 (1965).

The legislature has in selected areas provided for the taxation of reasonable attorney fees as part of costs. *See* Iowa Code §§ 598.2 (contempt in dissolution actions), 553.12(4) (violation of state antitrust laws), 472.33 (appeals from condemnation juries) (1983). Such action clearly demonstrates that the legislature, when it wants to, can and does provide for the assessment of attorney fees against the losing party. Defendant's argument that no one change would do more to promote settlements, discourage the fil-

ing of frivolous lawsuits, and the maintenance of stubbornly litigious actions than the adoption of the English rule of awarding attorney's fees to the successful party is best directed to the legislature where the balancing of the competing interests on so basic a social issue is better left. This trial court declines the invitation to disregard so long a line of clear precedent as exists in the nonallowance of attorney fees as costs unless expressly authorized by statute.

We agree with these reasons which the trial court gave for its decision. It is also appropriate, however, that we expand on this rationale and answer several of defendant's policy arguments.

Defendant argues that Iowa Code chapter 677 should be given a very liberal interpretation because its laudable purpose is to encourage early settlements and discourage unnecessary and costly litigation. We agree that our statute authorizing offers to confess judgment tends to serve those purposes and should receive a liberal construction. *See Tilton v. Iowa Power and Light Co.*, 250 Iowa 583, 587, 94 N.W.2d 782, 784 (1959); *Harrison v. Iowa Midland R.R.*, 36 Iowa 323, 326–27 (1873). Like other provisions and proceedings within the Iowa Code, chapter 677 "shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice." Iowa Code § 4.2 (1983). We do not agree, however, that the word "costs" should be so liberally stretched as to include attorney fees. As the trial court correctly noted, our legislature has explicitly provided in some statutes that a prevailing party may recover attorney fees as well as costs. We believe the legislative intent of chapter 677 is clear; attorney fees are not included in the cost-shifting which the statute allows because attorney fees are not explicitly mentioned in the statute.

Defendant also contends that allowance of attorney fees under chapter 677 would be so beneficial to the functioning of our court system that we should interpret "costs" to include attorney fees as a matter of court rule and inherent court power.

Recently, however, we answered a similar contention in *Smith v. Board of Supervisors*, 320 N.W.2d 589, 593 (Iowa 1982), holding that the trial court did not have the inherent power to award attorney fees as costs to the prevailing party in the absence of an applicable statute or agreement so providing. Defendant has not persuaded us that we should retreat from what we said and held so recently in the *Smith* case.

Finally, we have grave doubt whether chapter 677 is an appropriate vehicle for initiating a more widespread practice of allowing the prevailing litigant to recover attorney fees as part of court costs. Only a defendant may take advantage of that statute by making a formal settlement offer and thereby pressuring the plaintiff to accept that offer. If a party who rejects an offer of settlement should sometimes be required to pay the other party's full expense of further litigation, fundamental fairness suggests that defendants as well as plaintiffs should be subjected to that sanction.

The trial court correctly applied Iowa Code section 677.10 (1983) in deciding what costs each party should recover from the other.

AFFIRMED.