Joyce A. BROCKHOUSE and Earl A. Brockhouse, Appellees,

v.

STATE of Iowa and Iowa Department of Transportation, Appellants.

No. 89–76.

Supreme Court of Iowa.

Dec. 20, 1989.

Thomas J. Miller, Atty. Gen., Charles Krogmeier, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellants.

John J. Carlin, of Carlin, Hellstrom & Bittner, Davenport, for appellees.

Considered by SCHULTZ, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The department of transportation condemned a small portion of property owned by the Brockhouses for highway improvements. The county compensation commission assessed damages at $6400, but the Brockhouses were dissatisfied and appealed the award to the district court, claiming damages in the amount of $30,000. Prior to hearing, the department of transportation offered to confess judgment in the amount of $10,000 "with costs to the time of this offer," an offer that the Brockhouses refused. The case proceeded to trial and a jury awarded the Brockhouses $7500. The department of transportation was assessed costs, including over $9000 in attorneys fees.

The issue of law between the parties is the effect of the department's offer to confess judgment on the amount of attorneys fees awarded by the court. Iowa Code section 472.33 requires the applicant—in this case the department—to pay attorney fees as costs when the jury awards the condemnee a larger amount on appeal than was initially awarded by the compensation commission. A second issue arises with regard to the reasonableness of the bill presented by the Brockhouses' attorney.

I. The department of transportation contends that the Brockhouses' rejection of its offer of $10,000 "with costs to the time of this offer," operated to stop the accrual of attorneys fees that could be assessed against it as of the date of the offer to confess. The Brockhouses refused the department's offer by failing to accept it within a five-day period of its service, as mandated by Iowa Code sections 677.8–.9. The consequences for failure to accept such an offer are determined by Iowa Code sec-

tion 677.10, which states that when the plaintiff refuses to accept the offer and then fails to obtain judgment in an amount greater than the offer, the plaintiff cannot recover costs. Conversely, in this situation, the plaintiff must pay the defendant's costs from the time of the offer. Iowa Code § 677.10 (1987); *Sheer Constr. Inc. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 333 (Iowa 1982). In this case, the department contends that since its offer of $10,000 "with costs" was greater than the $7500 the jury awarded the Brockhouses, they should not recover costs after the date of the department's offer.

The Brockhouses contend, however, that notwithstanding the fact that the language of the department's offer tracks that of the statute, the term "with costs" is ambiguous. Webster's Third New International Dictionary defines the word "with" as meaning either "to indicate addition or supplement," or "inclusive of." Construing the definitional ambiguity against the department, the trial court concluded the offer included costs.

After determining that costs, including attorney fees at the time of the department's offer stood at approximately $4000, the court subtracted that sum from the department's $10,000 offer. It concluded that the department's actual offer to the Brockhouses was in fact only $6000 as a result, a sum considerably less than that awarded to the Brockhouses at trial. Accordingly, it assessed all costs, including more than $9000 in attorney fees, against the State.

Statutory construction is the function of the courts. *West Des Moines Ed. Ass'n v. PERB*, 266 N.W.2d 118 (Iowa 1978). This court is the final arbiter in construing state statutes. *American State Insurance Co. v. Estate of Tollari*, 362 N.W.2d 519 (Iowa 1985). In construing statutes, this court looks both to the language used and the purpose for which the legislation was enacted. In so doing, we consider the objects the statute is intended to accomplish, the mischief to be remedied or purpose to be served. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). We consider all parts of the statute together, so that the intent of the legislature may be determined and effectuated. *Id.*

Iowa Code chapter 677 offers several statutory means by which a defendant may offer to confess judgment. As our court has indicated, these statutes are intended to encourage settlements and to reduce costs. *Sheer Constr. Inc. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 333 (Iowa 1982). The principle that these statutes must be liberally construed to effect their purposes is one of long standing. *Harrison v. Iowa Midland R.R.*, 36 Iowa 323, 327 (1873).

The operative language is contained in Iowa Code sections 677.7–.10 (1987). Section 677.7 allows the defendant in an action for the recovery of money to serve upon the plaintiff or plaintiff's attorney, a written offer to confer judgment "for a specified sum with costs," at any time after service of notice but before trial. The department made such an offer to the Brockhouses' counsel approximately ten days before trial. The terms of the department's offer tracked the language of the statute, specifying a sum of $10,000 "with costs."

We have touched on this issue in prior cases. In *Manning v. Irish*, 47 Iowa 650, 652 (1878), we stated:

> It is claimed that the offer is insufficient because it did not embrace the costs accrued at the time it was made. This objection is without merit. The offer was to confess a judgment in favor of plaintiff for a certain amount. The costs already accrued would follow this judgment as an incident. The court would have had full authority to enter up a judgment against defendant for the amount offered to be confessed, and for all costs incurred before the offer was made.

In *Sheer Construction Inc. v. W. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 333 (Iowa 1982), we considered the effect of an initial offer that did not include costs on one that ultimately did include them. We doubted that an omission in this respect would void the offer as Iowa Code section 677.5 controls how the costs are to be allo-

cated. We have also noted that even where attorney fees are to be included in the costs, such fees need not be specifically mentioned. *See Tilton v. Iowa Power & Light Co.,* 250 Iowa 583, 589, 94 N.W.2d 782, 785 (1959).

 The trial court's interpretation of the term "with costs" would defeat, rather than advance, the legislative purpose in preventing the accumulation of costs. *See Sheer,* 326 N.W.2d at 328. Since defendants are in no position to know the amount of attorney fees accrued at the time they make a settlement offer, a construction of the statute that held the term "with costs" to be inclusive would make it impossible for defendants to know exactly what amount of damages they were offering. Using the present case as an example, the trial court's determination would result in an offer to the Brockhouses of some $400 less than originally granted by the county compensation commission. Such a result would clearly defeat the legislative intent to promote settlement. We therefore conclude that the term "with costs" as contained in Iowa Code section 677.7 means that costs are tendered in addition to the sum in the offer, and that this term was incorporated into the department's offer.

II. The Brockhouses also contend that the department of transportation and the State of Iowa are separate entities. They base their argument on the pleadings in this case, in which the defendant allegedly admitted to a separate existence for the department and the State. The Brockhouses conclude that since facts admitted in the pleadings are conclusive, and bind the party which makes such admissions, the department and the State must be considered separate entities for purposes of this case. The offer to confess judgment was made "only" on behalf of the department, they argue, and conclude that the State, as a separate entity that made no offer, is bound to pay attorney fees through the conclusion of the trial. *See Long v. McAllister,* 319 N.W.2d 256, 258 (Iowa 1982). As a matter of law, however, state agencies "act as the alter ego of the state." *Greene v. Friend of Court, Polk County,* 406 N.W.2d 433, 435 (Iowa 1987). This contention is therefore without merit.

III. The department next contends that the $9,115.31 awarded in attorney fees in this case is excessive in light of the judgment obtained for $7500. The jury's award was only $1100 greater than that granted by the compensation commission. The trial court's award of attorney fees for the Brockhouses' attorneys included fees for services provided after the time of the department's offer. They are not entitled to these fees. *See* Iowa Code § 677.10 (1987). We reverse and remand to the trial court for recomputation of costs.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.