# IN THE COURT OF APPEALS OF IOWA

No. 19-0241
Filed May 13, 2020

**NCJC, INC.,**
Plaintiff-Appellee,

**vs.**

**WMG, L.C.,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Kossuth County, Carl J. Petersen, Judge.

WMG, L.C. appeals the district court's determinations concerning attorney fees. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

Thomas W. Lipps of Peterson & Lipps, Algona, for appellant.

Wesley T. Graham of Duncan Green, P.C., Des Moines, and Philip J. Kaplan of Anthony Ostlund Baer & Louwagie P.A., Minneapolis, Minnesota, for appellee.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

WMG, L.C. appeals from a ruling denying its request for attorney fees but granting attorney fees to NCJC, Inc. We conclude (1) WMG was not entitled to attorney fees; (2) NCJC was entitled to some attorney fees; but (3) NCJC was not entitled to fees for services provided after WMG made its offer to confess. We affirm in part, reverse in part, and remand.

### I. Facts and Prior Proceedings

In 2012, WMG and NCJC entered into a farm lease. NCJC was the tenant, and WMG was the landlord. The lease contained the following clause: "If either party files suit to enforce any of the terms of this Lease, the prevailing party shall be entitled to recover court costs and reasonable attorney's fees."

In 2016, WMG terminated the lease. NCJC then brought this action. Its two-count petition alleged WMG breached the farm lease. WMG answered, raised affirmative defenses, and pled a counterclaim.

NCJC moved to dismiss WMG's counterclaim. The court granted NCJC's motion.

WMG moved for summary judgment as to count II of the petition. While its motion was pending, WMG offered to confess judgment in the amount of $75,000. NCJC rejected the offer. The court later granted WMG's motion.

The case proceeded to trial on NCJC's surviving claim. A jury awarded NCJC $41,453.57 in damages.

Both parties sought attorney fees and costs. The court denied WMG's requests. Instead, the court awarded attorney fees to NCJC as "the prevailing party." It also taxed court costs in favor of NCJC.

On appeal, WMG contends the district court erred in (1) denying its request for attorney fees and (2) granting attorney fees to NCJC.  WMG also contends that (3) even if NCJC was entitled to some attorney fees, the district court's award was excessive.

## II. Standard of Review

"We review the court's award of attorney fees for an abuse of discretion." *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009).  "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable."  *Id.* (citation omitted).  "[M]isapplication of [a] statute constitutes an abuse of discretion."  *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 344 (Iowa 2000).

## III. Discussion

This appeal involves the interplay between a contractual attorney-fee clause and three statutory provisions.  As noted, the lease's attorney-fee clause states:

> If either party files suit to enforce any of the terms of this Lease, the prevailing party shall be entitled to recover court costs and reasonable attorney's fees.

The relevant statutory provisions are Iowa Code sections 625.22, 625.25, and 677.10 (2017).  They provide, in pertinent part:

> When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as a part of the costs a reasonable attorney fee to be determined by the court.

*Id.* § 625.22.

> No such attorney fee shall be taxed . . . , unless it shall be made to appear that such defendant had information of and a reasonable opportunity to pay the debt before action was brought.

*Id.* § 625.25.

> If the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff cannot recover costs, but shall pay the defendant's costs from the time of the offer.

*Id.* § 677.10.

We find the meaning of statutes in the "words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (citation omitted). And we "generally enforce contracts as written." *Greene v. Heithoff*, No. 10-1608, 2011 WL 5515167, at *7 (Iowa Ct. App. Nov. 9, 2011). In all matters, though, we must follow the precedents of our supreme court. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

With this background in mind, we turn to the parties' specific contentions.

**A. Was WMG entitled to attorney fees?**

WMG contends the district court erred in refusing to award WMG attorney fees for the period after WMG made its offer to confess, which it calls "the post-offer period." This is true, WMG argues, because although NCJC rejected WMG's $75,000 offer to confess, NCJC obtained a verdict of only $41,453.57. Therefore, in the words of section 677.10, NCJC "fail[ed] to obtain judgment for more than was offered by" WMG. As a result, section 677.10 requires NCJC to "pay [WMG's] costs from the time of the offer." And, WMG points out, under section 625.22, contractual attorney fees should be taxed as "part of the costs." Therefore, WMG concludes, because NCJC is required to pay WMG's post-offer costs, NCJC is required to pay WMG's post-offer attorney fees.

We disagree. In Iowa, attorney fees are not allowed "in the absence of a statute or agreement expressly authorizing" them. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010) (citation omitted). No fees can be taxed unless "the case . . . come[s] clearly within the terms of the statute or agreement." *Id.* (citation omitted).

In this case, no statute creates an *independent right* to attorney fees. Section 677.10 does not mention attorney fees. And section 625.22 only provides an enforcement mechanism[1] for *contractual* attorney-fee clauses. It authorizes taxation of attorney fees *only if* an "agreement" within the parties' "written contract" requires payment of "an attorney fee." *Id.* (noting "Iowa Code section 625.22 declares that *when attorney fees are permitted under a contract provision*, the court is permitted to tax a reasonable amount of those fees as a part of costs" (emphasis added)).

So our analysis does not *begin* with sections 625.22 or 677.10. Those provisions do not enter into our thinking unless, as a preliminary matter, we conclude the parties' "agreement expressly authoriz[es]" WMG to recover attorney fees. *See id.*

We must focus, then, on the language of the parties' contract. It dictates "the prevailing party" is "entitled to recover" attorney fees. "Prevailing party" is a legal term of art. *See, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). And when parties include a legal term of art in their contract, Iowa courts presume the parties "fully

---

[1] As will be explained, though, enforcement is limited by other code sections like section 622.25 and, apparently, section 677.10.

understood the legal import of the words used." *Knott v. Burleson*, 2 Greene 600, 601 (Iowa 1850). So we find the meaning of "prevailing party" in our law. *See Buckhannon*, 532 U.S. at 603.

Black's Law Dictionary defines "prevailing party" as one "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Prevailing party*, Black's Law Dictionary (11th ed. 2019). And our supreme court has said a party prevails "when actual relief on the merits of his [or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Dutcher v. Randall Foods*, 546 N.W.2d. 889, 895 (Iowa 1996) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). Here, NCJC obtained a money judgment in its favor and against WMG. Under either definition, NCJC is the prevailing party—not WMG.[2]

Because WMG is not "the prevailing party," the lease contract does not entitle WMG to attorney fees. So the district court did not abuse its discretion by declining WMG's request for attorney fees.[3]

---

[2] We note the term "prevailing party" is not mentioned—much less defined—by Iowa Code sections 677.10 or 625.22. *See also Tri-State Agri Corp. v. Clasing*, No. 00-1344, 2001 WL 1658852, at *6 (Iowa Ct. App. Dec. 28, 2001) ("However, we do not believe the fact that a plaintiff becomes responsible for costs because it fails to obtain a judgment for more than was offered by the defendant has any significant bearing on the question of whether a party was 'successful' in enforcing its mechanic's lien under the earlier version of the statute or was the 'prevailing' party under the current version.").

[3] WMG's also claims it is entitled to fees for the pre-offer period during which it successfully defended against some of NCJC's claims. WMG has not offered, and we have not found, authority to support this position. *See* Iowa R. App. P. 6.903(2)(g)(3). Moreover, the contract speaks of "*the* prevailing party," singular. *Cf. Sager v. Farm Bureau Mut. Ins. Co.*, 680 N.W.2d 8, 14 (Iowa 2004) (finding the statutory phrase "the insured" referred only to the insured who set fire to the house—not his innocent spouse). And although WMG won some procedural battles, NCJC won the war by obtaining a money judgment against WMG. So we

**B. Was NCJC entitled to any attorney fees?**

Because NCJC was the "prevailing party," it appears the contract entitles NCJC to recover attorney fees. But WMG contends section 625.25 prohibits NCJC from recovering fees.

To understand WMG's argument, it helps to consider sections 625.22 and 622.25 together. As explained, section 625.22 permits taxation of attorney fees where, as here, they are authorized by a contractual fee-shifting clause. But section 625.25 limits the effect of section 625.22 by creating a prerequisite to the taxation of fees. It states, in pertinent part: "No such attorney fee shall be taxed . . . *unless* it shall be made to appear that such defendant had *information of and a reasonable opportunity to pay* the debt before action was brought." Iowa Code § 625.25 (emphasis added).

WMG claims this prerequisite was not fulfilled. We disagree. In its petition, NCJC alleged that, "[d]espite a demand by NCJC" for amounts owed under the lease, "WMG [had] failed and refused to make any payment" to NCJC. And in its answer, WMG "[a]dmitted that WMG has not paid NCJC for the amounts demanded." So it is undisputed NCJC demanded reimbursement from WMG before bringing this action. And although NCJC reduced its demand during the course of litigation, WMG has not shown NCJC's pre-suit demand lacked a reasonable basis. We find no abuse of discretion in the district court's determination that section 625.25 should "not determine the issue of attorney's fees in this case."

---

see no abuse of discretion in the district court's determination that WMG was entitled to no attorney fees.

**C. Was NCJC entitled to attorney fees for the post-offer period?**

We turn next to WMG's contention that—even if NCJC was entitled to some attorney fees—it was not entitled to fees for the post-offer period. Here again, WMG points to NCJC's failure to obtain a judgment in excess of WMG's offer to confess. Because of this failure, section 677.10 prohibits NCJC from "recover[ing] costs" for the post-offer period. And section 625.22 states: "When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and *tax as a part of the costs* a reasonable attorney fee to be determined by the court." (Emphasis added.) Therefore, WMG contends, "NCJC cannot recover post-offer attorney fees because such attorney fees, by statute— Iowa Code [section] 625.22—are a component of costs."

As support for this view, WMG draws our attention to *Brockhouse v. State*, 449 N.W.2d 380, 381 (Iowa 1989). *Brockhouse* arose from the Department of Transportation's (DOT) condemnation of some property. 449 N.W.2d at 381. The county compensation commission assessed damages of $6400. *Id.* But the property's prior owners—the "condemnees"—were not satisfied with the commission's award. *Id.* So they appealed to the district court. *Id.*

Prior to trial, the DOT offered to confess judgment in the amount of $10,000. *Id.* The condemnees refused the offer. *Id.* Ultimately, the jury awarded $7500 to the condemnees. *Id.*

The district court assessed costs against the DOT. *Id.* As part of those costs, the district court awarded attorney fees pursuant to Iowa Code section 472.33 (1987). *Id.* As then codified, section 472.33 required the DOT to "pay all

costs occasioned by the appeal [to the district court], including reasonable attorney fees to be taxed by the court."[4]

The DOT then appealed to our supreme court. Among other things, the DOT argued the attorney fee award was excessive. *Id.* at 383. The supreme court agreed and stated:

> The trial court's award of attorney fees for the Brockhouses' attorneys included fees for services provided after the time of the department's offer. *They are not entitled to these fees. See* Iowa Code § 677.10 (1987). We reverse and remand to the trial court for recomputation of costs.

*Id.* (emphasis added).

We believe *Brockhouse* stands for the proposition that, when section 677.10 (2017)[5] prohibits a plaintiff from obtaining post-offer costs, the plaintiff cannot recover post-offer attorney fees under a statute that authorizes taxation of attorney fees as costs. Applying *Brockhouse* here: Because section 677.10 prohibits NCJC from recovering post-offer costs, NCJC cannot recover post-offer attorney fees

---

[4] Iowa Code section 472.33 (1987) provided as follows:
> The applicant shall pay all costs of the assessment made by the commissioners and reasonable attorney fees and costs incurred by the condemnee as determined by the commissioners if the award of the commissioners exceeds one hundred ten percent of the final offer of the applicant prior to condemnation. The applicant shall file with the sheriff an affidavit setting forth the most recent offer made to the person whose property is sought to be condemned. Members of such commissions shall receive a per diem of fifty dollars and actual and necessary expenses incurred in the performance of their official duties. *The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court*, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken.

(Emphasis added.)

[5] The text of section 677.10 was the same in 1987 and 2017.

under section 625.22—a statute that authorizes taxation of attorney fees as a part of the costs.

We have considered all of the authorities cited by NCJC. We do not think they permit a different conclusion.

For example, *Dutcher* dealt with attorney fees under employment-law statutes. 546 N.W.2d at 895. *Dutcher* did not mention Iowa Code section 677.10. Nor was it relevant: the plaintiff in *Dutcher* recovered more than the defendant had offered to confess. *Id.* at 895 ("Randall points out that it had made an offer to confess judgment in the amount of $2000 prior to trial and Dutcher's recovery of $2128 exceeds that figure by only $128.").

But NCJC relies most heavily on *Weaver Constr. Co. v. Heitland*, 348 N.W.2d 230, 233 (Iowa 1984)—and understandably so. There the supreme court affirmed the district court's refusal to award attorney fees as "costs" under section 677.10. *Weaver*, 348 N.W.2d at 233. And the *Weaver* court said: "We do not agree . . . that the word 'costs' should be so liberally stretched as to include attorney fees." *Id.*

Even so, the *Weaver* court expressly distinguished situations in which "[t]he legislature has in selected areas provided for the taxation of reasonable attorney fees as part of costs." *Id.* at 232 (quoting with approval the trial court's "well-reasoned opinion"); *see also id.* at 233. Likewise, we distinguish *Weaver* from cases like *Brockhouse*—and the case before us now—in which *a separate statute* authorizes taxation of attorney fees as part of costs. *See Brockhouse*, 449 N.W.2d at 381 (addressing assessment of attorney fees under Iowa Code 472.33 (1987)).

In short, we believe *Brockhouse* requires the conclusion that NCJC is not "entitled" to attorney fees "for services provided after the time of [WMG's] offer." 449 N.W.2d at 383.  As to that issue, we must reverse.

**IV. Conclusion**

We affirm the district court's denial of WMG's request for attorney fees.  We reverse the district court's award of attorney fees to NCJC insofar as it includes fees for services provided after WMG's offer to confess.  We remand for entry of a corrected award of attorney fees in favor of NCJC.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**