## MANNING v. IRISH.

1. **Practice in the Supreme Court**: TIME OF FILING BILL OF EXCEPTIONS.   Where ten days were allowed appellant to file a bill of exceptions and it was not signed within that time, including the tenth day after judgment was rendered, it was stricken from the record upon motion therefor.

2. **Judgment**: OFFER TO CONFESS: COSTS.   An offer to confess judgment in a pending case carries with it as an incident, if accepted, a liability for all the costs accrued in the case up to the time the offer is made.

3. **Account**; SETTLEMENT OF.   A judgment upon an account implies a settlement of all items outstanding at the time the judgment is rendered, and neither party could thereafter maintain an action against the other upon any prior item without showing that it had been omitted through mistake or fraud.

*Appeal from Van Buren Circuit Court.*

THURSDAY, MARCH 21.

ON the 21st day of March, 1876, the plaintiff filed a petition claiming of the defendant, as balance due on account, and as damages, the sum of $500.    On the 5th day of April, 1876, the defendant filed in said court an offer to confess judgment as follows: "The defendant offers to confess judgment against himself, and in favor of plaintiff, for the sum of two hundred

and sixteen dollars." On the 6th day of April, 1876, the defendant filed an answer in denial, except as to credits admitted in plaintiff's account, and claiming of plaintiff by way of counter claim, as balance on account, the sum of $325. The reply denies the allegations of the answer so far as it sets up any claim against plaintiff. On the 12th day of April, 1876, the cause, on motion of defendant, was continued to the October Term, 1876, and the costs of the term, amounting to $36.45, were taxed to defendant. On the 21st day of October, 1876, the cause was tried, and a verdict was returned for plaintiff for $199.64. The plaintiff thereupon filed a motion asking judgment against the defendant for the amount of the verdict and costs. At the same time the defendant moved the court to tax all the costs accrued since the 5th day of April, 1876, against the plaintiff, for the reason that on that day defendant offered in court, and served on plaintiff's attorneys the offer in writing, to confess judgment for the sum of $216, which offer was not accepted, and the verdict is for a less sum. The court taxed to plaintiff all the costs accrued since the April term, 1876, amounting to the sum of $198. The plaintiff appeals. By agreement of the parties ten days were given to file the bill of exceptions.

*M. J. Williams, Wm. Moore, Work & Brown* and *C. C. Cole,* for appellant.

*Lea & Beaman,* for appellee.

DAY, CH. J.—I. A bill of exceptions was signed by the judge on the 1st day of November, 1876. A motion was made, and is submitted with the case, to strike this bill of exceptions from the record, because it was not signed within the time allowed by the order of the court and agreement of parties. The judgment was rendered on the 21st day of October. By agreement of parties ten days were given to file the bill of exceptions. Sec. 23 of the Code provides that in computing time the first day shall be excluded, and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended

1. PRACTICE in the supreme court: time of filing bill of exceptions.

so as to include the whole of the following Monday." Under this rule the tenth day from the time judgment was rendered fell on the 31st day of October, which was Tuesday. This bill of exceptions, therefore, was not signed within the time agreed upon, and appellee's motion to strike it from the record must be sustained.

II. The offer to confess judgment was made under section 2899 of the Code. Appellant claims that no notice was served on plaintiff that this offer would be made, and that he was not personally present when it was made. The bill of exceptions being stricken from the record we have no legitimate means of determining what were the facts respecting this claim. If it should be conceded that plaintiff's personal presence was necessary, unless he had three days' notice that the offer would be made, we would be required, in support of the judgment of the court below, in the absence of proper showing to the contrary, to presume such presence or notice. But even the bill of exceptions does not show that plaintiff was not personally present when the offer was made.

III. It is claimed that the offer is insufficient because it did not embrace the costs accrued at the time it was made. 2 JUDGMENTS: This objection is without merit. The offer was to offer to confess a judgment in favor of plaintiff for a certain amount. The costs already accrued would follow this judgment as an incident. The court would have had full authority to enter up a judgment against defendant for the amount offered to be confessed, and for all costs incurred before the offer was made.

IV. The plaintiff's suit was instituted upon accounts, 3. ——: account: settlement. copies of which were attached to the petition, the abstract of which is as follows:

J. D. IRISH *in account with* E. MANNING.          Dr.

| | |
|---|---|
| To goods, wares and merchandise, including repairs on Irish's wagon; total | $264.52 |
| To repairs on Irish's wagon | 11.74 |
| To accrued interest | 114.74 |
| Total charges | $373.00 |

Account of charges commences March 18, 1867, and
ends January 14, 1876.

CONTRA.

By cash, work, etc., including 16 days work by boy,
    credited at $20.00, making total credits........ $137.45
Interest on same............................... 32.08

    Total credits ............................ $169.53

Credits commence June 15, 1867, and end January
8, 1876.

    Balance... ........................ ...... $203.47

J. D. IRISH *to* E. MANNING.    Dr.

March 1, 1876. To house rent one year and eleven
    months, at the rate of $75.00 per year.......... $143.75
Interest on same................................ 12.08
To damages to rented property. ................. 50.00

    Total.............................. ........... $205.83
Add balance store account...............' ....... 203.47

    Total account after allowing credits .........$409.30

The defendant, in his answer, claimed of the plaintiff the
following sums:

For use of defendant's wagon from May 1 to Novem-
    ber 18, 1867, 168 days, at 50 cents per day...... $84.00
For injuries to said wagon by overloading.......... 15.00
For the work of defendant's boy, credited by plaintiff
    at $20.00 ................................. 32.00
For work on stable, fence, houses, and keeping them in
    condition generally, in all ................... 50.00
For injury to defendant's premises during the years
    1875 and 1876, by plaintiff's teams, horses, and
    hired men.................................. 150.00
For buggy hire 3 days, at $1.00 per day............ 3.00
For sleigh one day ............................. 1.00
For witness fees in case of *Manning v. Fletcher*..... 1.25
For account of Hunter & Co., which is defendant's
    property ................................... 29.47

. On all these various sums the defendant asked judgment for $325.00, with interest. The jury, by special verdict, found the defendant entitled to about $164.00, on the items of his account. They found a general verdict for plaintiff for $199.64. They must, therefore, have allowed plaintiff, on the items set forth in his account, a little more than $350.00. Appellant claims that the offer to confess had reference to and included only the items embraced in plaintiff's account, without regard to the additional items of account which defendant had against plaintiff, and that if the offer had been accepted defendant might still have recovered on the items of his account. Thus construing the offer it is claimed that the plaintiff in fact recovered enough to discharge defendant's account to the extent of $164.00, and $199.64 more, which is much more than defendant offered.

We feel satisfied that this position is not correct. It is to be observed that the plaintiff set forth in his petition items both of debit and credit; the presumption is that he claimed all that he considered due himself, and that he set forth all the credits to which he was willing to admit the defendant was entitled. He in effect said to the defendant, "after allowing you all the credits to which you are justly entitled from the 15th of June, 1867, to the 8th of January, 1876, you owe me $489.30." The defendant said, in effect, "I do not owe you so much. If I were allowed all just credits your claim would be greatly reduced; but I am willing to confess a judgment in your favor for $216.00." If this offer had been accepted and a judgment had been rendered for the amount, it would have operated as a settlement of all prior accounts. Neither party could have sued upon any prior item of account without showing that it had been omitted through mistake or fraud. As to the effect of settlement of an account, see *Bull v. Harris*, 31 Ill., 487; *Lee v. Reed*, 4 Dana (Ky.), 109; *Kennedy v. Williamson*, 5 Jones (N. C.), 284; *Town v. Wood*, 37 Ill., 512; *Stiles v. Brown*, 1 Gill. (Md.), 350; *Hodges v. Hanford*. 17 Vt., 615; *Martin v. Beckwith*, 4 Wis., 219.

The plaintiff did not recover more than the defendant offered to confess a judgment for, and the costs accrued subsequently

to the offer were properly taxed to the plaintiff. We discover in the record no error.

AFFIRMED.