WATERLOO SAVINGS BANK, As Administrator of the Estate of Todd Gary, Deceased, and as Administrator of the Estate of Henderson Brown, Deceased, Appellee,

v.

Orlander AUSTIN, By His Father and Natural Guardian, Morrell AUSTIN; and Morrell Austin, for Himself, Appellants.

No. 91–1981.

Supreme Court of Iowa.

Jan. 20, 1993.

Gene Yagla and Karla J. Shea of Lindeman & Yagla, Waterloo, for appellants.

Stephen J. Rapp, Waterloo, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This is an appeal from the judgment entered in a wrongful death action. Plaintiff Waterloo Savings Bank, as administrator for the estates of Todd Gary and Henderson Brown, sued defendant Orlander Austin, the driver of a vehicle in which Gary and Brown were passengers when it collided with another vehicle on Interstate 380 north of Cedar Rapids. Both passen-

gers were killed instantly. The bank also sued the owner of the vehicle, defendant Morrell Austin, as a responsible party under Iowa's owner consent statute, Iowa Code § 321.493 (1989).

Just prior to trial defendants admitted liability. Thus the case was submitted to the jury on the question of damages only. The jury returned verdicts of just over $40,000 for each estate; $35,000 of each verdict represented the present value of lost income accumulation. These future damages are the source of controversy on appeal.

The district court entered judgment on the jury's verdict with interest at the rate of ten percent from the date the petition was filed. Defendants then moved to modify the judgment in accordance with Iowa Code section 668.13(4), claiming interest on the future damages should run from the date of judgment, not filing.[1] Their supporting brief also claimed that the court should have ordered interest at the rate required by section 668.13(3),[2] not ten percent. The court declined to amend its judgment and this appeal followed.

We transferred the case to the court of appeals. It reversed and remanded for entry of judgment in accordance with section 668.13(4), but it found defendants had failed to preserve error on their claim that the rate of interest was improperly calculated. We granted defendants' petition for further review and now vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for a corrected judgment.

I. The fighting issue is whether Iowa Code chapter 668, and its interest provisions, have any application to this case at all. Plaintiff has claimed throughout this litigation that because only the defendant driver's fault was ever placed in issue, and the defendants ultimately conceded liabili-

ty, this case falls outside the scope of chapter 668. Defendants respond by arguing that plaintiff's petition alleged negligent acts resulting in personal injury and, therefore, the comparative fault act must apply. Both sides point to seemingly opposite lines of authority to support their respective positions.

Plaintiff relies heavily on *Johnson v. Junkmann*, 395 N.W.2d 862 (Iowa 1986). The case involved a three-car collision, with a plaintiff who was neither alleged nor found to be at fault, and two defendants found three percent and ninety-seven percent at fault, respectively. In order to circumvent the joint and several liability limitations of our then-quite-new comparative fault law, the plaintiff in *Johnson* argued that cases involving blameless plaintiffs like herself should be governed by common law, not comparative fault, principles. *Id.* at 866. We rejected her premise, observing that applicability of the statute did not hinge on allegations or findings regarding a plaintiff's contributory fault. *Id.* at 867. But we went on to decide that the act's joint and several liability rules were triggered only by "a claim involving the fault of more than one party to the claim." *Id.* (quoting Iowa Code § 668.-3(2)). We then fashioned the following rule: "If a claim involves the fault of more than one party, the statute applies. If not, the statute is not applicable." *Id.* Because the fault of two defendants was alleged, we held the comparative fault act was fully applicable to Johnson's suit. *Id.* at 868.

Our holding in *Johnson* begged the question whether a case involving a blameless plaintiff and *one* negligent tortfeasor would meet the "fault of more than one party" test. We hinted at the answer in *Vasquez v. LeMars Mutual Insurance Co.*, 477 N.W.2d 404 (Iowa 1991). There, as in

---

**1.** The statute provides: "Interest awarded for future damages shall not begin to accrue until the date of the entry of the judgment." Iowa Code § 668.13(4).

**2.** The statute provides:
Interest shall be calculated as of the date of judgment at a rate equal to the coupon issue yield equivalent, as determined by the United States secretary of the treasury, of the average accepted auction price for the last auction of fifty-two week United States treasury bills settled immediately prior to the date of the judgment.
Iowa Code § 668.13(3).

the case before us, the question was whether the interest on future damages provision of chapter 668 applied. We cited *Johnson* and section 668.3(2) for the rule that "[c]hapter 668 is triggered by any 'claim involving the fault of more than one party.'" *Id.* at 409. But because the issue was raised in the context of a coverage dispute between an insurer and its insured, we held that the claim was contractual in nature and thus beyond the scope of chapter 668. *Id.* at 409. We nevertheless observed that because only one litigant's fault was at issue (the insured's), chapter 668 had not been triggered. *Id.* at 410.

Although the sweeping language of *Johnson* and *Vasquez* might suggest otherwise, we do not believe the legislature intended to restrict chapter 668's scope to only those controversies in which multiparty fault is alleged or proven. The statute upon which *Johnson* and *Vasquez* focuses—section 668.3(2)—does not define the actions which are governed by the chapter. Rather, section 668.3(2) narrowly applies to a court's duty to instruct the jury when the fault of more than one party is at issue.[3] When only one party's fault is at issue, the instructions called for in that section become unnecessary. That is not to say, however, that the parties are free to ignore chapter 668 altogether.

■ By its terms, the purpose of the comparative fault act is to establish "comparative fault as the basis for liability in relation to claims for damages arising from injury to or death of a person or harm to property...." 1984 Iowa Acts ch. 1293. This broad prescription applies where the fault which is placed in issue, or may be placed in issue, is that defined by section 668.1. "Fault" is therein defined as *"one or more acts ... in any measure negligent*

or reckless toward the person or property of the actor or others...." Iowa Code § 668.1 (emphasis added). *See Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990) (negligence claim for damages resulting from injury to person "now brought under the provisions of chapter 668 of the Iowa Code; liability in tort—comparative fault").

■ Because plaintiff's claim was for damages arising from the death of its decedents, the applicable provisions of chapter 668 were implicated. Among those applicable provisions is section 668.13 relating to the payment of interest on future damages. Section 668.13(4) permits such interest to accrue only from the date of judgment. Accordingly, the district court's allowance of interest from the date of filing must be reversed.

■ II. Although the court of appeals reached a similar conclusion with respect to the applicability of section 668.13(4), it refused to order a recomputation of the interest based on section 668.13(3). It concluded that the issue had not been preserved in the trial court and, therefore, could not be addressed on appeal. Our review of defendants' postjudgment filings leads us to a different conclusion.

It is true that defendants' motion to modify judgment referred only to Iowa Code section 668.13(4), and the court's alleged error in assessing interest from the date of filing rather than judgment. In the supporting memorandum attached to the motion, however, defendants plainly asked the court to modify its judgment "to reflect the *correct statutory interest* and the correct date from which the interest is to accrue." (Emphasis added.) It then quoted in full section 668.13(3), as well as the other pertinent interest provisions.

3. The statute provides:

2. In the trial of a claim involving the fault of more than one party to the claim, including third-party defendants and persons who have been released pursuant to section 668.7, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating all of the following:

a. The amount of damages each claimant will be entitled to recover if contributory fault is disregarded.

b. The percentage of the total fault allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under section 668.7. For this purpose the court may determine that two or more persons are to be treated as a single party.

Iowa Code § 668.3(2).

We believe this designation of error and citation of controlling authority was sufficient to alert the district court to the requested relief, and adequately preserved the matter for appellate review. *See Air Host Cedar Rapids, Inc. v. Cedar Rapids Airport Comm'n,* 464 N.W.2d 450, 454 (Iowa 1990) (test is whether objection sufficient to alert trial judge to contention urged on appeal); *Mikesh v. Peters,* 284 N.W.2d 215, 217 (Iowa 1979) (spare allegation of motion was sufficient when viewed in light of detailed trial brief asserting same grounds). On remand the district court must calculate the interest on future damages in accordance with the variable rates set forth in Iowa Code section 668.-13(3).

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH DIRECTIONS.