Ginger **HUGHES**, Individually and as Mother and Next Friend of John R. Hughes, a minor, Matthew J. Hughes, a minor, and Brian A. Hughes, a minor, Appellants,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Appellee.**

No. 94–2054.

Supreme Court of Iowa.

March 20, 1996.

Dennis M. Gray and Jon E. Heisterkamp and Matthew G. Woods of the Peters Law Firm, P.C., Council Bluffs, for appellants.

Dean J. Sitzmann and Jeanelle R. Robson of Knudsen, Berkheimer, Richardson & Endacott, Lincoln, Nebraska, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

After an offer to confess judgment was accepted by the plaintiffs, the court conducted a hearing to determine the entitlement of interest and court costs. The court denied prejudgment interest and refused to allow the recovery of deposition costs incurred but not filed with the clerk prior to the filing of the offer to confess judgment. The plaintiffs appeal from the court's ruling. We affirm.

### I. *Background Facts and Proceedings.*

This case arose out of a collision that occurred on March 3, 1993 between a car owned and operated by Ginger Hughes and a train owned and operated by the Burlington Northern Railroad Company (Railroad). Hughes brought a negligence action for her injuries and damages and also brought, as mother and next friend, suit for loss of consortium on behalf of her three children. The Railroad denied the plaintiffs' allegations and affirmatively alleged Ginger Hughes caused the claimed injuries and damages or her negligence was a cause under our comparative fault law.

After extensive discovery and prior to trial the Railroad served and filed an offer to confess judgment. This offer allowed "judgment to be taken against this defendant for the specified sum of Fifty Thousand Dollars ($50,000) together with costs accrued to the date of this offer" pursuant to Iowa Code section 677.7 (1993). The plaintiffs then served and filed a notice of acceptance. Hughes also made application to the court for allowance of court costs and the determination of interest entitlement. The court set the application for hearing.

At the hearing the plaintiffs offered all depositions that had been taken and filed with the clerk both before and after the filing of the offer to confess judgment. Following hearing the court entered judgment against the Railroad for the offered sum of $50,000 [1] and allowed recovery of deposition costs that were on file with the clerk of court prior to the offer of judgment. The court refused to allow prejudgment interest and also refused to allow deposition costs that were filed with the clerk of court after the offer of judgment as costs.

The issues raised in this appeal relate to the entitlement of prejudgment interest on a judgment entered pursuant to an accepted offer to confess judgment and the recovery of accrued deposition costs as a part of the judgment. Before addressing these issues we will review the nature of an offer to confess judgment.

### II. *Confession of Judgment.*

A judgment is defined as "[e]very final adjudication of any of the rights of the parties in an action." Iowa R.Civ.P. 219. There is authority in Iowa for entry of a judgment by consent or agreement, Iowa Rule of Civil Procedure 226; for entry of a judgment by confession, Iowa Code chapter 676; for entry of a judgment by offer to confess judgment and acceptance, chapter 677; and for entry of judgment upon an agreed statement of facts, chapter 678. Judgments must be entered on the record of the court and clearly specify the relief granted. Iowa R.Civ.P. 227.

"A judgment by consent is in substance a contract of record made by the parties and approved by the court. It is not a judicial determination of any litigated right." *Timmons v. Holmes,* 249 Iowa 888, 890, 89 N.W.2d 371, 372 (1958) (citations omitted). "Offers to confess judgment are often equated ... to offers of settlement." *Shirley v. Pothast,* 508 N.W.2d 712, 715 (Iowa 1993).

Iowa Code chapter 677 provides four separate methods of offering to confess judgment. *See Sheer Constr., Inc. v. W. Hodgman & Sons, Inc.,* 326 N.W.2d 328, 332 (Iowa 1982). The purpose of these provisions is to encourage settlement of disputes, put an end to litigation, and to prevent the accumulation of costs. *Shirley,* 508 N.W.2d at 715; *Tilton v. Iowa Power & Light Co.,* 250 Iowa 583, 587, 94 N.W.2d 782, 784 (1959).

---

1. The court allocated $49,700 to Ginger Hughes and $100 to each of her three children.

■ The failure to accept an offer to confess judgment imposes potential court cost penalties. *See* Iowa Code § 677.10, .13. An offer to confess judgment may be desirable in cases involving minors, where the parties want the matter memorialized by a judgment, or when full payment is not made immediately and the plaintiff needs the protection of a judgment. *See Young v. Robin,* 146 Mich.App. 552, 382 N.W.2d 182, 186 (1985).

## III. *Prejudgment Interest.*

■ Generally, interest runs "from the time money becomes due and payable and, in the case of unliquidated claims, from the date they become liquidated." *Veach v. Farmers Ins. Co.,* 460 N.W.2d 845, 848 (Iowa 1990). Unliquidated damages normally become liquidated on the date of the judgment. *Barske v. Rockwell Int'l Corp.,* 514 N.W.2d 917, 926 (Iowa 1994).

■ In 1980 the Iowa legislature amended the statutory provision for interest on judgments and decrees to allow 10% interest, unless a different rate is fixed by contract, to "accrue from the date of the commencement of the action." 1980 Iowa Acts ch. 1170, § 1. One of the primary purposes for the amendment allowing prejudgment interest "was to prevent persons obligated to pay money to another from profiting through delays in litigation." *In re Marriage of Baculis,* 430 N.W.2d 399, 401 (Iowa 1988). Prejudgment interest is generally not awarded as a penalty, "but rather it reflects the lost value of the use of the money awarded." *Id.* The award of interest is mandatory and should be awarded even when interest has not been requested. *Id.* The prejudgment interest accrues from the filing of the action even though the amount of the judgment may include costs or losses that have not accrued at the time of filing. *Mercy Hosp. v. Hansen, Lind & Meyer,* 456 N.W.2d 666, 673–74 (Iowa 1990). "Future damages are not excepted from the plain language of section 535.3...." *Id.* at 674; *see also Mossman v. Amana Soc'y,* 494 N.W.2d 676, 677 (Iowa 1993); *Thornton v. Guthrie County Rural Elec. Coop. Ass'n,* 467 N.W.2d 574, 577 (Iowa 1991).

■ In 1987 the legislature "fine-tuned" the prejudgment interest law in comparative fault actions. *Vasquez v. LeMars Mut. Ins. Co.,* 477 N.W.2d 404, 408 (Iowa 1991). In actions brought under Iowa Code chapter 668, interest on judgments accrue from the date of commencement of the action except for interest awarded on future damages which accrue from the date of entry of the judgment. Iowa Code § 668.13(1), (4). A variable interest rate is provided under chapter 668. *Id.* § 668.13(3). We have identified other exceptions to the prejudgment interest provisions of Iowa Code section 535.3. *Barske,* 514 N.W.2d at 925–26. When a jury fails to determine which damages in a comparative negligence action were past and which were future, we assume that, for computing interest, the "damages should all be considered to be future only and should draw interest only from the date of the judgment." *Guzman v. Des Moines Hotel Partners,* 489 N.W.2d 7, 13 (Iowa 1992).

## IV. *Deposition Costs.*

Generally, deposition costs may be taxed in favor of the prevailing party. There is a wide range of views on the circumstances under which it is appropriate to tax deposition costs.

> Under one view, depositions, whether taken for the proof or the defense of a claim, or for discovery purposes, are taxable as costs only if they are used at the trial.... On the other hand, there is also authority to the effect that recoverable costs include the expense of taking depositions even if the depositions are not used at trial, unless it appears that they were not taken in good faith or were actually unnecessary.
>
> Under another view, items of deposition expense will be considered as taxable costs when the depositions are not used at trial, only where they are shown to have been necessary and vital to the litigation.

20 Am.Jur.2d *Costs* § 52, at 46–47 (1995).

■ Iowa statutes providing for recovery of costs are strictly construed. *Schark v. Gorski,* 421 N.W.2d 527, 528 (Iowa 1988). An award of deposition costs is limited by Iowa Rule of Civil Procedure

157(a) which states in part: "The judgment shall award against the losing party only such portion of these costs as were necessarily incurred for testimony offered and admitted upon the trial." *See also Woody v. Machin,* 380 N.W.2d 727, 730 (Iowa 1986). We narrowly interpret the rule to prohibit the assessment of deposition costs when the plaintiff voluntarily dismissed the action after extensive discovery had occurred. *Schark,* 421 N.W.2d at 528–29; *see also Sorensen v. Shaklee Corp.,* 461 N.W.2d 324, 326 (Iowa 1990). In *Coker v. Abell–Howe Co.,* 491 N.W.2d 143, 151 (Iowa 1992), we recognized court costs are taxable only to the extent provided by statute. We concluded deposition costs that are taxable when an offer to confess judgment is not accepted are limited to those costs permitted by Iowa Code section 625.14 and Iowa Rule of Civil Procedure 157(a). *Coker,* 491 N.W.2d at 151–53. Costs should not be read "more broadly in chapter 677 than it has been read in other statutes and rules regarding costs." *Id.* at 152.

### V. *Conclusion.*

This case is a comparative fault action under Iowa Code chapter 668. Although the court entered a judgment on the offer to confess judgment, such a judgment is a product of a voluntary agreement, not of a judicial determination. As such the parties could agree to settlement figures that include interest, or that provide for prejudgment statutory or other interest, or that provided interest at a stated rate commencing at a stated time. If there is no agreement as to prejudgment interest, the judgment amount would draw statutory interest from the date of the judgment only.

Where the offer is silent as to prejudgment interest and its rate, the court will not impose terms. To apply the prejudgment interest provisions of Iowa Code section 668.13 would in effect change the terms of the voluntary settlement made by the parties through the offer and acceptance of a confessed judgment. Because the type of the damages were not agreed upon, the amount of prejudgment interest under section 668.13 would be indeterminable even if it

were agreed that the statutory interest provisions were applicable. We affirm the court's order denying prejudgment interest.

Under section 677.7 an offer to confess judgment after an action has commenced shall be for a "specified sum with costs." The Railroad's offer provided for the payment of costs. The court allowed deposition costs of $1,208.50 that had been filed with the clerk. The Railroad did not challenge this ruling on appeal.

The court did not allow deposition costs, totaling $456.30, because the depositions had not been filed with the clerk at the time the offer to confess judgment was filed. We affirm this ruling because only those costs permitted by statute or rule may be taxed. The depositions were not admitted at trial and therefore were not taxable as costs.

**AFFIRMED.**