# IN THE COURT OF APPEALS OF IOWA

No. 14-1686
Filed August 19, 2015

**CSS2 ENTERPRISE, INC.,**
        Plaintiff-Appellee/Cross-Appellant,

**vs.**

**FARMERS COOPERATIVE COMPANY,**
**DOWS, IOWA, STEVE MUHLENBRUCH,**
**and NEW COOPERATIVE, INC.,**
        Defendants-Appellants/Cross-Appellees.
_____

        Appeal from the Iowa District Court for Wright County, Colleen D. Weiland,

Judge.


        The defendants appeal and the plaintiff cross-appeals the district court's

judgments entered on the defendants' offer to confess judgment.  **AFFIRMED IN**

**PART AND REVERSED IN PART ON APPEAL; AFFIRMED IN PART AND**

**REVERSED IN PART ON CROSS-APPEAL; REMANDED.**


        Gary D. Goudelock and Brian R. Kohlwes of Idleman, Greene &

Goudelock, Des Moines, for appellants/cross-appellees.

        Stephen D. Marso of Whitfield & Eddy, P.L.C., Des Moines, for

appellee/cross-appellant.


        Heard by Tabor, P.J., McDonald, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

**I. Background Facts and Proceedings**

CSS2 is a small farming corporation. Steve Muhlenbruch is the agronomy manager of Farmers Cooperative Company. At Muhlenbruch's direction, an employee of Farmer's Cooperative Company entered CSS2's property and sprayed chemicals that killed the corn crop. (Hereafter we refer to Farmers Cooperative Company and Muhlenbruch jointly as "the Coop.") On April 25, 2013, CSS2 sued the Coop for negligence, trespass, and conversion. CSS2's November 2013 first-amended petition added a claim for punitive damages.

CSS2 sought to file a second-amended petition, and on February 26, 2014, the court granted the request. This petition added claims under Iowa Code chapter 717A (2013) to each of the three counts by including a new paragraph in each count: "Defendants' conduct was in willful and wanton disregard for the rights of Plaintiff." *See* Iowa Code § 717A.3(1)(a) (stating a "person shall not . . . willfully destroy or damage a crop"). The second-amended petition also requested additional relief found in Iowa Code sections 717A.3(2)(a)(1) (allowing damages in "an amount equaling three times all actual and consequential losses") and 717A.3(2)(b) (stating a "prevailing plaintiff . . . shall be awarded court costs and reasonable attorney fees, which shall be taxed as part of the costs of the action").[1]

---

[1] Specifically, the second-amended petition's prayer for relief stated:

> WHEREFORE, CSS2 requests that the court enter judgment for it and against Defendants, jointly and severally, for compensatory damages, costs, expenses, interest, three times the amount of all actual and consequential losses as provided in Iowa Code Section 717A.3,

The Coop filed a pre-answer motion to dismiss CSS2's "claim for treble damages and attorney fees under Iowa Code section 717A.3," alleging "a property owner is not allowed to recover both statutory treble damages under Iowa statute[2] and a claim for punitive damages." CSS2 responded by moving to amend its petition to eliminate its request for punitive damages. The district court sustained the motion and ruled that in light of the amendment, the motion to dismiss was moot.

The Coop filed an answer, including a counterclaim asserting CSS2 had "failed to pay amounts due and owing on the open account." At the end of March 2014, the Coop filed a motion for partial summary judgment:

> [T]he facts do not establish any claim for trespass or conversion under Iowa Code section 717A.3 . . . thus, the claims for trespass, treble damages and attorney fees should be dismissed from this case as a matter of law.
> . . . .
> WHEREFORE, [the Coop] . . . request[s] this court to enter an order . . . dismissing any claim for trespass against all defendants, dismissing any claim for intentional conversion, attorney fees or treble damages under Iowa Code [section] 717A.3 in this case as a matter of law.

CSS2 filed a resistance, citing to case law on willfulness and asserting, as relevant here, the Coop "willfully destroyed or damaged a crop" in violation of section 717A.3(1)(a), and also asserting the Coop's actions of negligence, trespass, and conversion "arose to the level of triggering a claim for treble damages and attorney fees under Iowa Code section 717A.3."

---

punitive damages, attorney fees, and any other relief the court determines is appropriate.

2 The Coop's language, "claim . . . under Iowa Code section 717A.3" and "under Iowa statute," shows the Coop's recognition of CSS2 making a statutory claim under chapter 717A in the second-amended petition.

In July 2014 the court denied the Coop's motion, stating (1) the Coop had moved "for dismissal of the trespass, conversion and Iowa Code section 717A.3 treble damages claims" and (2) "Defendants first argue that Plaintiffs claims for trespass, conversion and treble damages fail under Iowa Code section 717A.3 because there is no evidence that Defendants' actions were intentional or willful." The court concluded:

> [E]vidence has been presented that Muhlenbruch sent a text message to [CSS2] after the post-emergent spraying took place, asking about the type of corn planted. This suggests that Muhlenbruch did not know what type of corn he was spraying. In short, facts regarding Muhlenbruch's intent and state of mind are in dispute.

On September 2, 2014, the Coop's counsel sent an email to CSS2's counsel requesting the amount of CSS2's attorney fees. CSS2's counsel responded: "If you simply want it for purposes of settlement analysis to determine the amount for which your clients have risk, then we can . . . email you the amount." The Coop's counsel replied: "The purpose . . . is to determine the amount of risk at this time and to try and predict the amount of risk in the future." CSS2's counsel replied, stating "total fee and costs" are $55,843.34. The next day, September 3, the Coop filed an offer to confess judgment, stating in its entirety:

> Come now [the Coop] and through [counsel] hereby enter[s] an Offer to Confess Judgment pursuant to Iowa Code chapter 677. [The Coop] hereby offer[s] to confess judgment in the amount of Two Hundred Eighty Seven Thousand Five Hundred and 00/100 dollars ($287,500.00). [The Coop] make[s] this Offer to Confess without any binding affect on the pending counter-claim against [CSS2].
> Plaintiff is hereby notified.

On September 8, 2014, CSS2 timely filed notice to the court, including its acceptance, stating:

> On September 3, 2014, [the Coop] served upon plaintiff [CSS2] the attached Offer to Confess Judgment. The Offer states that it is being made pursuant to Iowa Code Chapter 677, and that [the Coop] "hereby offer[s] to confess judgment in the amount of Two Hundred Eighty Seven Thousand Five Hundred and 00/100 dollars ($287,500.00)."
> By operation of law, [the Coop's] Offer includes the specified sum of $287,500.00 plus costs. Because Plaintiffs are seeking attorney fees against Defendants pursuant to Iowa Code section 717A.3 and because that statutory section defines costs to include attorney fees, by operation of law [the Coop's] Offer to pay costs includes payment of attorney fees.
> Based upon the above understanding of the Offer, Plaintiff hereby accepts Defendants' Offer. After advising the court of its acceptance of the Offer, Plaintiff will submit a written application to the court for the taxation of costs, including but not limited to attorney fees, as well as for the imposition of any interest on the judgment that may be allowed by law.

The Coop filed a September 10, 2014 motion to enforce settlement agreement and in the alternative, motion to strike CSS2's acceptance. The Coop requested an emergency hearing due to the upcoming October 6 trial date and emailed the court: "There is a dispute as to whether or not the case is settled." The next day, the court held an unreported hearing on the Coop's motion, which first asserted the court should enforce CSS2's "acceptance without the taxation of costs, interest, or attorney fees."[3] Alternatively, the motion asserted the court

---

[3] The Coop contended the court should rule CSS2 accepted the offer without the caveat because chapter 677 does not allow for a conditional acceptance as filed by CSS2. The Coop also claimed "a literal construction of section 677.7 clearly reveals that the offer to confess . . . of $287,500 included the court costs and attorney fees." *See* Iowa Code § 677.7 (authorizing an offer "for a specified sum with costs"). Citing to cases from other jurisdictions holding the word "costs" in those states' statutes did not include a claim for attorney fees, the Coop claimed CSS2 is not entitled to an award of attorney fees or costs because the $287,500 "was offered to include any claim for attorney fees and

should strike or nullify CSS2's acceptance and proceed to trial because "there has been no mutual assent to" the offer "by the parties."

On September 12, 2014, the court quoted Iowa Code section 677.7, authorizing the Coop to "serve upon" CSS2 an offer allowing "judgment to be taken against the defendant for a specified sum with costs" and denied the Coop's motion. Regarding the Coop's failure to mention costs in its offer, the court clearly and concisely ruled:

> It does not matter. "By law and operation of the statute, costs are tendered in addition to the sum in the offer." *Brockhouse v. State*, 449 N.W.2d 380, 382-83 (Iowa 1989); *Sheer Constr., Inc. v. Hodgman & Sons, Inc.*, 326 N.W.2d 328, 333-34 (Iowa 1982).
>
> "Costs" are generally considered to be the additional amounts accrued as costs—typically filing fees, service fees, witness fees, etc., assessed by the clerk of court. These costs are additional to the specified sum confessed and are assessed separately against the defendant if the offer is accepted. *Brockhouse*, 449 N.W.2d at 383.
>
> The issue of costs in this context becomes more complicated when a specific statute authorizes [attorney fees] . . . . In less usual situations, the code directs the court to tax attorney fees as a part of costs . . . . In each of the counts of its (third) amended petition, [CSS2] pled a cause of action referencing Iowa Code section 717A.3.[4] This chapter provides that "[a] prevailing plaintiff in an

costs." Finally, the Coop contended the court should not allow CSS2 to use section 677.7 "as a *sword* to gain attorney fees."

We note the Coop did not contend CSS2 failed to assert a claim under Iowa Code section 717A.

[4] In a footnote, the court stated:

> [T]he language used in each of the counts is more akin to the common law causes of actions and . . . the counts themselves are titled in the common law manner. There is also one count of negligence, which is not comparable to the elements of section 717A.3. Nonetheless, there are clear references ["Defendants' conduct was in willful and wanton disregard"] to and prayers for relief pursuant to section 717A.3 in each count.

Thus, we are not faced with the question of what the Coop's offer would include by law if some of CSS2's counts had relied on the statute and some had not. Here, CSS2 pleaded a willful violation in all three counts of its petition.

action brought under this section[5] shall be awarded court costs and reasonable attorney fees, *which shall be taxed as part of the costs of the action.*"  Iowa Code § 717A.3(2)(b) (emphasis added). The language is mandatory and not discretionary and clearly includes attorney fees as costs.  Because costs are to be assessed pursuant to the accepted offer to confess, reasonable attorney fees should be included in those costs under these circumstances, even though the offer was silent on those fees.  *Brockhouse*, 449 N.W.2d at 383 ("[E]ven where attorney fees are to be included in the costs, such fees need not be specifically mentioned.") (citing *Tilton v. Iowa Power & Light Co.*, 94 N.W.2d 782, 785 (Iowa 1959)).

The court entered judgment in favor of CSS2 for $287,500 and taxed court costs "assessed by the clerk of court through September 3, 2014" against the Coop.  The court ordered a hearing on "the assessment of interest" and "the remaining court costs, including reasonable attorney fees" at the "conclusion of trial on the remaining counterclaim."  The Coop filed a motion to enlarge findings, CSS2 filed a resistance, and on September 24, 2014, the court denied the motion.

Thereafter, CSS2's attorneys filed an affidavit of attorney fees and "motion for interest on judgment and for taxation of costs (including attorney fees)."  CSS2 sought interest on the principal amount of the judgment from the April 25,

---

[5] During appellate oral arguments, the Coop's counsel asserted CSS2 did not assert a claim under section 717A.3 but only asked for damages to include treble damages and attorney fees.  CSS2's counsel responded the Coop failed to raise this argument in the district court and error was not preserved.  He also correctly noted the basis for the Coop's pre-answer motion to dismiss was its assertion CSS2 could not claim both a statutory claim and an additional claim for punitive damages.  During rebuttal, the Coop's counsel responded error was preserved in its *appellate* brief.

The previously detailed pleadings, motions, and court rulings show the parties and the court recognized CSS2's amended petitions asserted statutory claims under Iowa Code section 717A.3 in all three counts.  In any event, assuming but not agreeing this issue was raised in the Coop's appellate brief, raising an issue for the first time on appeal does not preserve error.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

2013 filing of the petition and interest on the costs portion of the judgment from the September 12, 2014 judgment date. After removing some attorney time, CSS2 requested $59,197.34 in costs and attorney fees through September 12, 2014. Finally, CSS2 requested the court allow a future motion for fees incurred after September 12, 2014.

The Coop filed a resistance, first contending CSS2's claims for costs, attorney fees, and interest should be denied based on "all arguments set forth in [the Coop's] Motion to Enforce Settlement and in the alternative, Motion to Strike/nullify [CSS2's] Acceptance of Offer to Confess." Second, the Coop noted CSS2 had a "modified contingency fee" contract and also noted "a potential appeal involved with this lawsuit," claiming the motion should be denied because "the amount of attorney fees" is "vague, ambiguous, and subject to several unknown factors." Third, after noting it was not until the second-amended petition that CSS2 "made a claim for attorney fees," the Coop contended the attorney-fees claim "should be limited to the time from when the claim for attorney fees was first made and allowed by the court on 02/26/2014." Fourth, as to the cut-off point for CSS2's fees and costs, the Coop argued:

> Under the plaintiff's analysis that their attorney fees should be taxed as costs, these costs should be cut off upon the filing of the Offer to Confess, which was filed with the Court on 09/03/2014. In addition, no future attorney fees or costs should be entered against [the Coop] after the 09/03/2014 Offer to Confess was filed by the Defendants.

In sum, the Coop contended attorney fees and costs, if any, should only be awarded from February 26, 2014, to September 3, 2014.

On September 24, 2014, the court noted the counterclaim had been settled. After a hearing, the court's November 4, 2014 supplemental order entered supplemental judgment. As before, the court declined to expressly address the Coop's "mutual assent" claim. The court ruled "interest should accrue from the filing of the third-amended petition." The court ordered CSS2's attorney fees "should terminate as of the date the confession of judgment was offered" and awarded $45,000 in attorney fees. Finally, the court concluded court costs "incurred since September 3 shall also be assessed against" the Coop.

In this appeal, the Coop is the appellant/cross-appellee and CSS2 is the appellee/cross-appellant.[6]

## II. Scope of Review

We review the district court's interpretation of chapter 677 for legal error. *See Rick v. Sprague*, 706 N.W.2d 717, 723 (Iowa 2005); *Harris v. Olson*, 558 N.W.2d 408, 409 (Iowa 1997) (rejecting a mechanical application of chapter 677). We likewise apply an errors-at-law review to the calculation and award of prejudgment interest. *See Gosch v. Juelfs*, 701 N.W.2d 90, 91 (Iowa 2005). "If there is substantial evidence in the record to support the trial court's decision, we are bound by its fact-findings." *Id.* "We are not bound, however, by the trial court's application of legal principles." *Id.* We strictly construe "Iowa statutes

---

[6] The Coop appealed the court's September 12 and September 24, 2014 orders. CSS2 filed a cross-appeal and sought appellate attorney fees. This appeal is No. 14-1686. Subsequently, CSS2 appealed the court's November 4, 2014 order, and the Coop cross-appealed. This appeal is No. 14-1909. The supreme court consolidated the two appeals and ordered "all further filings shall be made under 14-1686 only." The Coop "shall be" appellant/cross-appellee and CSS2 "shall be" appellee/cross-appellant.

providing for recovery of costs." *Hughes v. Burlington N. R.R. Co.*, 545 N.W.2d 318, 321 (Iowa 1996).

**III. Statutory Scheme—Offer to Confess Judgment**

The operative statutes are contained in Iowa Code chapter 677, a chapter "intended to encourage settlements and to reduce costs." *Brockhouse*, 449 N.W.2d at 382; *Weaver Constr. Co. v. Heitland*, 348 N.W.2d 230, 232 (Iowa 1984) (stating chapter 677 is designed to "discourage unnecessary and costly litigation"). "The principle that these statutes must be liberally construed is one of long standing." *Brockhouse*, 449 N.W.2d at 382.

Iowa Code section 677.7 allows the "defendant in an action for the recovery of money only" (the Coop) to serve upon the plaintiff before trial "an offer in writing to allow judgment to be taken against [the defendant Coop] for a specified sum with costs." Section 677.8 details the actions CSS2 must take to accept the offer and states after acceptance, either party can file documents informing the court of the offer and acceptance so that "a minute of the offer and acceptance shall be entered upon the judge's calendar, and the judgment shall be rendered by the court accordingly."

Because both parties contend their respective arguments support the goals of chapter 677, we also set out the processes to be used when a plaintiff rejects the defendant's offer. In that event, "the offer shall be treated as withdrawn, and shall not be given in evidence or mentioned on the trial." Iowa Code § 677.9. After the trial, if "the plaintiff fails to obtain judgment for more than

was offered . . . the plaintiff cannot recover costs, but shall pay the defendant's costs from the time of the offer." *Id.* § 677.10.

## IV. The Coop's Appeal

**A. Mutual Assent.** On appeal, the Coop first claims the district court erred in *failing to consider* its lack-of-mutual-assent challenge. The record shows the Coop raised this issue on three occasions: (1) as the ground for alternative relief in its September 10, 2014 motion, (2) as the sole basis for its subsequent "motion to enlarge findings on order entering judgment," and (3) as the first claim in its resistance to CSS2's motion for supplemental judgment.

The court's September 12, 2014 order stated the court "held an emergency telephone conference . . . in regard to the defendants' *motion to enforce settlement agreement and in the alternative motion to strike plaintiff's acceptance of offer to confess judgment*." Further: "As a part of that acceptance, the plaintiffs asserted that by operation of law the judgment should include costs, including attorney fees. Defendants disagree with this position and seek relief from the entry of such a judgment." Therefore, the district court explicitly recognized the "mutual assent" challenge. Additionally, the court impliedly rejected the Coop's alternative motion seeking a trial by quoting *Brockhouse* and ruling: "[The Coop] did not mention costs. It does not matter. By law and operation of the statute, 'costs are tendered in addition to the sum in the offer.'" 449 N.W.2d at 382-83. In *Brockhouse*, the defendant offered to confess judgment for $10,000 "with costs to the time of this offer." The court ruled "the term 'with costs' as contained in Iowa Code section 677.7 means that *costs are*

*tendered in addition* to the sum in the offer, and that this term was incorporated into the [defendant's] offer." *Id.* (emphasis added).

Similarly, the district court ruled the statutory term "with costs" was incorporated into the Coop's offer and the Coop, by law, offered costs *in addition* to the lump sum it tendered. *See Manning v. Irish*, 47 Iowa 650, 652 (1878) (ruling lump sum offer without mention of costs is not insufficient because "costs already accrued would follow").

After the district court entered judgment, the Coop responded by filing a "motion to enlarge findings on order entering judgment," raising one issue—the court's alleged failure to address the Coop's mutual-assent challenge—and requesting one type of relief—the court issue a "specific order concerning the mutual-assent issue." On September 24, 2014, the court summarily denied the motion. Undeterred, the Coop again raised the "mutual assent" challenge as the first argument in its resistance to CSS2's motion for supplemental judgment; however, the court entered supplemental judgment.

Under these circumstances, the district court was well aware of the Coop's "mutual assent" claim, and on three separate occasions the court considered and rejected this challenge. *See Edgerly v. Sherman*, 107 N.W.2d 72, 75 (Iowa 1961) ("Whatever the attorneys . . . may say, pro and con, in pleadings and argument, we have the right to, and do, assume that the trial court carefully considered the question in the instant case before [denying] the motion.").

As to the merits, the Coop notes our courts look to contract principles when interpreting offers to confess judgment, points to extrinsic evidence,[7] and claims it intended "to make the $287,500 Offer . . . to include any claims for costs, attorney fees, and interest." Emphasizing no mutual assent existed, the Coop contends the district court "should have stricken or nullified CSS2's acceptance" and "proceeded with a trial on the merits." *See Rick*, 706 N.W.2d at 723-24 (holding where only one plaintiff attempted to accept the offer to confess judgment in a way that did not conform to the offer's language encompassing both plaintiffs, there was no valid acceptance and no mutual assent).[8]

The Coop's argument is based on its *unstated intent* to include all costs, attorney fees, and interest within the lump sum offered and its subsequent conclusion there was no mutual assent because CSS2 did not agree to the Coop's *unstated intent*. Iowa case law from 1878 shows the Coop had to clearly state this intent in order to void CSS2's acceptance because our courts will not allow a party to evade its responsibilities under the statutory scheme where an

---

[7] For example, the Coop's September motion included an affidavit from its attorney stating:

> I caused to be filed an Offer to Confess with the court in the amount of $287,500. In making this Offer to Confess, I, on behalf of [the Coop] intended this Offer to Confess to include all claims for damages including court costs, their claim for attorney fees and interest as a compromise of all matters in this case and to essentially mirror the same offers made prior to this Offer to Confess.

[8] The Coop made its offer under Iowa Code section 677.7, as did the defendant in *Rick*, 706 N.W.2d at 720, where the offer stated:

> 1. In the amount of Five Thousand and no/100 Dollars ($5000.00) including pre-judgment interest and court costs to the date of filing this offer to confess judgment on plaintiffs' claim.
> 2. The amount offered above is the total sum that is being offered to the plaintiffs. Prejudgment interest and court costs are a part of the amount offered.

offer for a sum fails to mention costs.  *See Manning*, 47 Iowa at 652.  In *Manning*, as here, the defendant offered to confess judgment for a sum certain without any mention of costs.[9]  *See id.* at 650-51.  The *Manning* court rejected the argument the defendant's failure to mention costs rendered the offer "insufficient":

> This objection is without merit.  The offer was to confess a judgment in favor of plaintiff for a certain amount.  The costs already accrued would follow this judgment as an incident.  The court would have had full authority to enter up a judgment against the defendant for the amount offered to be confessed, and for all costs incurred before the offer was made.

*Id.* at 652.

Under *Manning*, an offer to confess judgment for a sum certain unambiguously includes, as a matter of law, costs *in addition* to the sum certain. *See id.*  Accordingly, as a matter of law the Coop's offer is not ambiguous, and upon CSS2's acceptance, the "costs follow."  *See id.*; *see also Brockhouse*, 449 N.W.2d at 383; *Sheer*, 326 N.W.2d at 333 (doubting whether omitting costs would void an offer to confess because chapter 677's statutory scheme "controls how the costs are to be allocated").  Under longstanding Iowa case law, CSS2's acceptance of the Coop's unambiguous offer of a sum certain is not void under the doctrine of mutual assent.  *See id.*

**B.  Judgment for Court Costs, Interest, and Attorney Fees.**  The Coop also claims the district court erred in failing to enforce the offer without CSS2's caveat that stated interest, costs, and attorney fees should be entered as a part of the judgment.  Specifically, the Coop claims because chapter 677 "does not

---

[9] The offer in *Manning* stated: "The defendant offers to confess judgment against himself, and in favor of plaintiff, for the sum of two hundred and sixteen dollars."  47 Iowa at 650-51.

allow for a conditional acceptance" of an offer to confess, CSS2 "should have been held to accepting" its offer "without the caveat."

As discussed above, the "caveat" merely sets out the processes established in Iowa case law interpreting chapter 677 as to costs, and attorney fees when taxed as part of costs. *See Manning*, 47 Iowa at 652; *see also Brockhouse*, 449 N.W.2d at 383 (stating in *Tilton*, 94 N.W.2d at 785, the court held, "even when attorney fees are to be included in the costs, such fees need not be specifically mentioned"); *Sheer*, 326 N.W.2d at 333. Further, interest "shall be allowed on all money due *on judgments* . . . of courts at a rate calculated according to section 668.13." Iowa Code § 535.3 (emphasis added). Therefore, CSS2's written acceptance of the Coop's offer to confess judgment did not attempt to accept the offer in a manner that did not conform to the offer. Instead, CSS2's acceptance was in conformance with long-established Iowa case law interpreting offers that only set out a lump sum. *See Manning*, 47 Iowa at 652. Accordingly, we find no merit to the Coop's claim "the district court should have enforced the offer to confess for $287,500 with no court costs, interest, or attorney fees owed to CSS2."

**C. Interest on the Principal Amount of Judgment.** Having noted that interest is to be allowed "on judgments" and thus rejected the Coop's contention the district court erred in awarding *any* interest at all, we must next determine whether the court erred in awarding a portion of the interest it awarded, the prejudgment interest. In its November 4, 2014 supplemental order, the district court ruled:

Iowa Code section 535.3 provides that "[i]nterest *shall* be allowed on all money due on judgments and decrees of courts at a rate calculated according to section 668.13" . . . . (Italics added.) The assessment of interest is therefore mandatory. "Interest, except interest awarded for future damages, shall accrue from the date of the commencement of the action." [Iowa Code section 668.13(1)] No future damages are at issue in this matter. The action commenced by petition on April 25, 2013. However, the judgment necessarily includes section 717A treble damages. Liability for those damages was not implicated until the plaintiff's third amended petition, which was filed on March 11, 2014. The court concludes that interest should accrue from the filing of the third amended petition.

As noted above, Iowa Code section 535.3 states interest "shall be allowed on all money due on judgments . . . of courts at a rate calculated according to section 668.13." Iowa Code section 668.13(1) states: "Interest, except interest awarded for future damages, shall accrue from the date of the commencement of the action."[10] Our analysis must, however, take into account the fact that here the judgment entered by the district court was entered on an accepted offer to confess judgment and not on a judicial determination.

A similar situation was addressed in *Hughes*, cited by both parties in the present case, in which the court resolved the tort plaintiffs' "entitlement" to "prejudgment interest on a judgment entered pursuant to an accepted offer to confess judgment." 545 N.W.2d at 320 (stating plaintiff-motorist was injured in a collision with a train). The court first reviewed "the nature of an offer to confess

---

[10] We note chapter 668, "Liability in Tort—Comparative Fault," defines "fault" to include "one or more acts or omissions in any measure negligent or reckless toward the . . . *property* of . . . others." Iowa Code § 668.1 (emphasis added). Accordingly, tort claims for injury to a corn crop fall within the statutory definition of "fault." *See Waterloo Sav. Bank v. Austin*, 494 N.W.2d 715, 717 (Iowa 1993) (recognizing the act establishes comparative fault as the basis for liability in relation to damages arising from "harm to property").

judgment" under chapter 677, noting courts "often equate" offers to confess judgment to "offers of settlement." *Id.* The court also reviewed the nature of chapter 668, stating interest on future damages is an exception to prejudgment interest. *Id.* at 321 (citing Iowa Code § 668.17(1), (4)). The *Hughes* court concluded the plaintiffs, who had accepted an offer that was silent on prejudgment interest,[11] were not entitled to prejudgment interest:

> Although the court entered a judgment on the offer to confess judgment, such a judgment is a product of a voluntary agreement, not of a judicial determination. As such the parties could agree to settlement figures that include interest, or that provide for prejudgment statutory or other interest, or that provided interest at a stated rate commencing at a stated time. *If there is no agreement as to prejudgment interest, the judgment amount would draw statutory interest from the date of the judgment only.*
> *Where the offer is silent as to prejudgment interest and its rate, the court will not impose terms.* To apply the prejudgment interest provisions of Iowa Code section 668.13 would in effect change the terms of the voluntary settlement made by the parties through the offer and acceptance of a confessed judgment. Because the type of the damages were not agreed upon, the amount of prejudgment interest under section 668.13 would be indeterminable even if it were agreed that the statutory interest provisions were applicable.

*Id.* at 322 (emphasis added).

CSS2 attempts to distinguish *Hughes*, contending the court's holding is limited to tort claims involving "future damages." We disagree. Only the last sentence addressing the "type of damages" deals with future damages. The last sentence clearly stated an alternative ground ("even if") for denying prejudgment interest, i.e., "even if it were agreed that the statutory interest provisions were

---

[11] The offer stated, "[J]udgment to be taken against this defendant for the specified sum of Fifty Thousand Dollars ($50,000) together with costs accrued to the date of this offer." *Hughes*, 545 N.W.2d at 319.

applicable [to a judgment entered upon an accepted offer to confess judgment]." *See id.*

Because "there is no agreement as to prejudgment interest" between the Coop and CSS2, we "will not impose terms," and the parties' agreed-to judgment amount draws "statutory interest from the date of the judgment only." *See id.* We reverse the district court's award of prejudgment interest and remand for entry of supplemental judgment in accordance with this opinion.

## V. CSS2's Cross-Appeal

**A. CSS2's Attorney Fees after the Date of the Offer.** The court ruled CSS2's attorney fees "should terminate as of the date the confession of judgment was offered. To find otherwise would introduce an element of speculation that would discourage such offers."

On appeal, CSS2 claims the district court erred in holding Iowa Code chapter 677 precludes an accepting offeree from recovering the costs, including attorney fees where applicable, incurred after the date of the offer because this reasoning only applies when the plaintiff *rejects* an offer and later obtains a lower judgment. *See* Iowa Code § 677.10 ("If the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff cannot recover costs, but shall pay the defendant's costs from the time of the offer."); *Weaver*, 348 N.W.2d at 232 ("Because plaintiff's judgment did not exceed the defendant's offer, section 677.10 became controlling on the issue of what costs each party could recover.").

Iowa cases confirm that where a plaintiff *rejects* an offer and later obtains judgment for less than the amount offered, "even though a plaintiff fails to recover more than the amount of the offer to confess," the plaintiff recovers "costs up to the time of the offer, but must pay the defendant's costs thereafter accruing." *Weaver*, 348 N.W.2d at 232. However, CSS2 *accepted* the Coop's offer. Therefore, the present controversy is distinguishable from cases involving a "rejecting plaintiff," and the parameters of cost-shifting set out in Iowa Code section 677.10 are inapplicable herein.

Section 677.8 applies where the plaintiff accepts the offer; however, this section is silent as to cost-shifting or cost-limiting:

> If the plaintiff accepts the offer, and gives notice thereof to the defendant . . . within five days after the offer is made, the offer, and an affidavit . . . may be filed by the plaintiff, or the defendant may file the acceptance with a copy of the offer, verified by affidavit; and in either case a minute of the offer and acceptance shall be entered upon the judge's calendar, and judgment shall be rendered by the court accordingly.

Iowa Code § 677.8. Similarly, Iowa Code section 677.7, the provision under which the Coop made its offer to confess judgment, is silent as to cost-shifting or cost-limiting:

> The defendant in an action for the recovery of money only may, at any time after service of notice and before the trial, serve upon the plaintiff or the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendant for a specified sum with costs.

Because section 677.8 provides the court "shall" enter judgment upon offer and acceptance, because neither section 677.8 nor section 677.7 shifts or limits the costs, and because section 677.7 provides for "judgment to be taken

against the defendant for a specified sum with costs," we respectfully disagree with the district court's conclusion attorney fees "should terminate as of the date the confession of judgment was offered." No such limitation is included in the statutes applicable to an accepted offer to confess judgment, and we decline to read this limitation into chapter 677. *See Kucera v. Baldazo*, 745 N.W.2d 481, 487 (Iowa 2008) ("When interpreting laws, we are guided by the rule of expressio unius est exclusio alterious. 'This rule recognizes that legislative intent is expressed by omission as well as by inclusion, and the express mention of one thing [cost-limiting in section 677.10] implies the exclusion of others not so mentioned [no cost-limiting in sections 677.7 and 677.8].'" (quoting *Meinders v. Dunkerton Cmty. Sch. Dist.*, 645 N.W.2d 632, 637 (Iowa 2002))). Accordingly, we reverse that portion of the district court's judgment that limited attorney fees to those incurred up to the date of the offer to confess judgment and remand for the entry of supplemental judgment in accordance with this opinion.

**B.  Date to Commence Interest on Judgment Amount.**  CSS2 contends the district court erred in starting the accrual of interest on the principal amount of the judgment from the date of the third amended petition rather than from the date of the commencement of the case.  In its November 4, 2014 supplemental order the court had "conclude[d] that interest should accrue from the filing of the third amended petition."

In the Coop's appeal we have concluded that under the facts in this case and the holding in *Hughes*, 545 N.W.2d 322, the district court's award of any

prejudgment interest must be reversed. We therefore conclude this issue raised by CSS2 is moot.

**C. The Amount of CSS2's Attorney Fees.** CSS2 also challenges the amount of attorney fees awarded by the district court, claiming the court considered an improper factor.

CSS2 is entitled to reasonable attorney fees under Iowa Code section 717A.3.[12] While the award of attorney fees to CSS2 is mandatory ("shall"), "the amount is vested in the district court's broad, but not unlimited, discretion." *See Baumhoefener Nursery, Inc. v. A & D P'ship, II*, 618 N.W.2d 363, 368 (Iowa 2000); *see also Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 22 (Iowa 2001) ("Only when the district court bases its decision on the amount of the award on clearly unreasonable or untenable grounds will this court reverse."); *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 344 (Iowa 2000) (holding the court's "misapplication of the statute constitutes an abuse of discretion").

The district court's November 4 order noted CSS2's "counsel billed $53,732 through September 2, 2014, for attorney and legal assistant hourly work, plus $5124 in related costs" and stated:

---

[12] Iowa Code section 717A.3 provides:
      (2)(a) A person suffering damages resulting from an act . . . in violation of this section may bring an action in the district court against the person causing the damage to recover all of the following:
         (1) . . . [A]n amount equaling three times all actual and consequential losses.
      . . . .
      (b) A prevailing plaintiff in an action brought under this section shall be awarded court costs and reasonable attorney fees, which shall be taxed as part of the costs of this action.

But there are some factors that militate against an award of the full amount claimed. [CSS2's] counsel's hourly billing rates—although they do not exceed the bounds of propriety—are high for the Wright County area. Some of the billing by the various attorneys [is] duplicative. The overall claim rings high for what is essentially a property damage case that did not go to trial. *The court is also cognizant of the fact that [the Coop] did not have reason to know that [it] would be subject to an assessment of attorney fees until the section 717A claim was asserted as part of the third amended petition on March 11, 2014.*[13] Based on [CSS2's] billings and the circumstances as a whole, the court determines that an attorney fee award of 45,000 is reasonable and justified.

(Emphasis added.) In a footnote to the italicized sentence, the court explained: "My recognition of *this factor*, does not discount the entirety of attorney fees incurred before March 11, 2014. Investigation, discovery and other pretrial work were obviously necessary to frame and support the statutory claim." (Emphasis added.)

CSS2 seeks a remand, claiming the court abused its discretion by relying on an impermissible factor—the date when CSS2 first formally requested attorney fees in a pleading. *See Schaffer*, 628 N.W.2d at 24 (listing the appropriate factors—the amount involved, time necessarily spent, the nature and extent of the service, the standing and experience of the attorney, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, and the customary charges for similar service).

The Coop acknowledges that "the timing of bringing a claim for attorney fees during the course of litigation is not a specifically mentioned factor normally

[13] The record shows CSS2's second-amended petition, allowed by the court on February 26, 2014, was the first time CSS2 pled Iowa Code section 717A.3, not March 11 as found by the district court.

considered." Nevertheless, it claims the timing falls within the admonition, "the district court must look at the 'whole picture' when entering an attorney fee award." *See id.* Pointing to the court's footnote, the Coop contends the court "obviously considered other factors that occurred prior to CSS2's claim for attorney fees in making its award."[14]

We first note neither party cites to an Iowa appellate case identifying the date when the plaintiff formally requested attorney fees in a pleading as a relevant *factor* to consider in determining the *amount* of fees. *See Schaffer*, 628 N.W.2d at 24 (listing factors to be considered). Second, we examine the "whole picture" language in context: "Additionally, '[t]he district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case.'" *Id.* (quoting *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 898 (Iowa 1990)). Thus, "the complete case" language, as used in *Schaeffer* and *Landals*, does not support the Coop's position. Rather, the "whole picture" admonition means the court must consider all factors identified in Iowa case law without unduly emphasizing or ignoring one or more of the identified factors. In fact, the language "a total fee appropriate *for handling the complete case*" cuts strongly against considering when a claim for attorney fees is first made as a factor in determining the amount of fees to be awarded.

---

[14] We do not find persuasive the Coop's comparison of its alleged hours from inception to September 12 to the larger amount of total hours spent by CSS2 during that time. We find no merit to the Coop's claim, without citation to authority, an award of attorney fees "in advance of a specific claim for them is patently unfair."

We conclude the district court abused its discretion in relying on an impermissible factor, the timing of CSS2's claim for attorney fees during the course of litigation. We reverse the award for attorney fees and remand for a determination of CSS2's "total fee appropriate for handling the complete case" using the factors identified in *Schaffer*, 628 N.W.2d at 24.

## VI. CSS2's Request for Appellate Attorney Fees

CSS2 seeks appellate attorney fees under Iowa Code section 717A.3(2)(b) (stating a "prevailing plaintiff . . . shall be awarded . . . reasonable attorney fees"). In a similar situation involving a mechanic's lien statute where an award of attorney fees for a "successful plaintiff" is mandatory but the amount is within the court's discretion, the supreme court ruled: "Having prevailed on appeal, [the plaintiff] is entitled to an award of appellate attorney fees. We therefore remand to the district court for entry of an additional judgment to compensate [the] plaintiff for the reasonable expense of these appellate proceedings." *Baumhoefener*, 618 N.W.2d at 363, 369 (Iowa 2000); *see Landals*, 454 N.W.2d at 898 ("To the extent [the plaintiff] was entitled to an award of attorney fees for his litigation expense before the district court, he is likewise entitled to an award of fees necessitated by this appeal."). We likewise remand to the district court for entry of supplemental judgment to compensate CSS2 for reasonable attorney fees for these appellate proceedings.

## VII. Conclusion

On the Coop's appeal we affirm the district court's ruling that CSS2's acceptance of the Coop's unambiguous offer of a lump sum obligated the court

to enter judgment for $287,500. We likewise affirm the court's ruling that, under longstanding case law and applicable statutes, CSS2 is entitled to a judgment for court costs, interest, and attorney fees. However, we reverse the court's award of prejudgment interest and remand for supplemental judgment in accordance with this opinion.

As to CSS2's cross-appeal concerning the district court's award of attorney fees to CSS2, we reverse the court's ruling on the allowable time period for attorney fees that found the fees "terminate as of the date the confession of judgment was offered." We decline to read this limitation into chapter 677. We likewise reverse the court's ruling on the amount of CSS2's attorney fees, concluding the court relied on an improper factor in making this determination. Accordingly, we reverse the award of attorney fees to CSS2 and remand for the court to determine CSS2's "total fee appropriate for handling the complete case" using the appropriate time period and allowable factors.

Finally, on remand the district court shall assess and award CSS2 its reasonable attorney fees for these appellate proceedings.

Costs on appeal are taxed one-half to the Coop and one-half to CSS2.

**AFFIRMED IN PART AND REVERSED IN PART ON APPEAL; AFFIRMED IN PART AND REVERSED IN PART ON CROSS-APPEAL; REMANDED.**